IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIACOMO PISCIOTTA, ) | |
|       Plaintiff ) | C.A. No. 14-174 Erie |
| v. ) | |
| ) | Magistrate Judge Baxter |
| COIV SZELEWSKI, et al., ) | |
|       Defendants. ) | |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

### I. INTRODUCTION

#### A. Relevant Procedural and Factual History

On June 20, 2014, Plaintiff Giacomo Pisciotta, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion")[2], filed this *pro se* civil rights action pursuant 42 U.S.C. §1983. Named as Defendants are four correctional officers at SCI-Albion: COIV Szelewski ("Szelewski"), COIII Gilbert ("Gilbert"), COI Sullivan ("Sullivan"), and COI Lindsey ("Lindsey"); Mrs. Adams, Grievance Coordinator at SCI-Albion ("Adams"); and Ms. D. Bunner, Hearing Examiner at SCI-Albion ("Bunner").

Plaintiff alleges that, on January 29, 2013, Defendant Szelewski ordered an investigative search of Plaintiff's cell, claiming that he received a "tip" that Plaintiff was in possession of contraband (ECF No. 3, Complaint, at ¶ 12). During the search, Defendants Sullivan and Lindsey claimed to have found a small package containing an unknown powdery substance (Id. at ¶ 13).

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 4, 10].

[2] Plaintiff is presently incarcerated at the State Correctional Institution at Retreat in Hunlock Creek, Pennsylvania.

Defendant Gilbert of SCI-Albion's security department subsequently issued a misconduct against Plaintiff on February 22, 2013, for being in possession of contraband, consisting of a small package containing nine smaller individually wrapped packages of an unknown powdery substance that was found in Plaintiff's coat pocket (Id. at ¶ 14). Plaintiff claims that the misconduct report contradicted the earlier confiscated items receipt that was issued after the investigative cell search, which makes no mention of nine smaller packages being found in the package that was confiscated from his coat pocket (Id. at ¶¶ 15-16). Plaintiff alleges that Defendant Bunner falsely stated in her disciplinary hearing report that Plaintiff changed his plea to guilty, after initially pleading not guilty, and then found him guilty of the misconduct on March 1, 2013.

Based on the foregoing facts, Plaintiff claims that Defendant retaliated against him by issuing a false disciplinary charge, and that Defendant Bunner violated his rights under the Fourteenth Amendment due process clause by finding him guilty.

On October 15, 2014, Defendants filed a motion to dismiss [ECF No. 13] seeking dismissal of: (i) Plaintiff's official capacity claims based upon Eleventh Amendment immunity; (ii) Plaintiff's claims against Defendant Adams, because of his failure to allege her personal involvement in the complained of misconduct; and (iii) Plaintiff's due process claim against Defendant Bunner, for failure to state a claim upon which relief may be granted. Plaintiff has since filed a brief in opposition to Defendants' motion [ECF No. 16]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## II.     DISCUSSION

### A.     Official Capacity Claims

Defendants assert that, to the extent Plaintiff is suing them in their official capacities, they are immune from suit under the Eleventh Amendment. Insofar as Plaintiff is seeking monetary damages against Defendants in their official capacities, this Court agrees. It is well settled that suits for damages by individuals against state governments, state agencies, or state officers acting in their official capacities are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985) (holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment); Chittister v. Dep't of Community and Economic Development, 226 F.3d 223 (3d Cir. 2000) (holding that individuals are barred from seeking monetary damages from state governments or state agencies). See also Bey v. Pennsylvania Department of Corrections, 98 F.Supp.2d 650, 657 (E.D. Pa. 2000) wherein the court summarized well-established law, observing that:

> [t]he Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, under the Eleventh Amendment, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).

Id.; see also Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued. Wilson v. Vaughn, No. 93-C.V.-6020, 1996 WL 426538, *1 n.2 (E.D.Pa. July 30, 1996) (citing, 42 Pa. Con. Stat. Ann. §8521(b)). Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, No. 97-3613, 1998 WL 151803, *4

(E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table). Thus, any claims for monetary damages against Defendants in their official capacities will be dismissed.

The same cannot be said for Plaintiff's official capacity claims to the extent he seeks declaratory and injunctive relief, as such claims are not barred by the immunity provided by the Eleventh Amendment. See Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir. 1981) citing Ex parte Young, 209 U.S. 123 (1908). Thus, Defendants' motion to dismiss Plaintiff's official capacity claims will be denied to the extent he seeks relief other than monetary damages.

### B. Defendant Adams

Defendants argue that Plaintiff's claim against Defendant Adams must be dismissed because he has failed to establish that she was personally involved in the asserted violations of his rights. The Court agrees.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, Plaintiff has not alleged any involvement on the part of Defendant Adams aside from identifying her as the Grievance Coordinator at SCI-Albion (ECF No. 3, Complaint, at ¶ 8). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL

3208783 at * 14 (E.D.Pa. Nov. 2, 2006). Since there are no allegations establishing any involvement on the part of Defendant Adams apart from her role as Grievance Coordinator, there is no basis upon which she may be found liable. Thus, Plaintiff's claims against Defendant Adams will be dismissed.

### C. Defendant Bunner

Defendants move for dismissal of Plaintiff's Fourteenth Amendment due process claim against Defendant Bunner, arguing that he cannot establish a protected liberty interest that was violated by Defendant Bunner's alleged conduct.

To establish a due process claim under the Fourteenth Amendment, Plaintiff must demonstrate (i) the existence of a constitutionally protected liberty or property interest; and (ii) constitutionally deficient procedures by the state in its deprivation of that interest. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). If there is no protected interest, there is no need to determine whether the alleged deprivation was without due process. Alvin v. Suzuki, 227 F.3d 101, 116 (3d Cir. 2000).

The Supreme Court has held that a prisoner's state created liberty interest is limited to those situations that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "In deciding whether a protected liberty interest exists under *Sandin*, we consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." Mitchell, 318 F.3d at 531-32, citing Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000). In applying these factors, the Third Circuit has reached differing conclusions, "reflecting the fact-specific nature of the *Sandin* test." Mitchell, 318 F.3d at 532, comparing, *inter alia*, Shoats, 213 F.3d at 144 (eight years in administrative confinement, during which inmate was

locked in his cell for all but two hours per week, denied contact with his family, and prohibited him from visiting the library or "participating in any education, vocational, or other organization activities," clearly implicated a protected liberty interest), with Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002)(seven months of disciplinary confinement did not implicate a liberty interest), and Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997) (administrative detention for a period of 15 months, which imposed strict restrictions on outside contact and personal conveniences, did not impose atypical and significant hardship and, thus, did not implicate a liberty interest).

Here, it appears from the attachments to Plaintiff's opposition brief that he received a sanction of 60 days of disciplinary custody as a result of Defendant Bunner's finding of guilt at the disciplinary hearing at issue. Such a short period of disciplinary confinement falls well short of implicating a liberty interest. Moreover, nothing in the complaint alleges any condition of confinement that was appreciably different from the conditions of other similarly situated inmates. Thus, Plaintiff has failed to establish the deprivation of a liberty interest as a result of Defendant Bunner's alleged conduct, and his Fourteenth Amendment due process claim will be dismissed accordingly.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GIACOMO PISCIOTTA, | ) | |
|     Plaintiff | ) | C.A. No. 14-174 Erie |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| COIV SZELEWSKI, et al., | ) | |
|     Defendants. | ) | |

# ORDER

AND NOW, this 22nd day of May, 2015,

IT IS HEREBY ORDERED that Defendants motion to dismiss [ECF No. 13] is granted in part and denied in part, as follows:

1. Defendants' motion to dismiss Plaintiff's official capacity claims is GRANTED to the extent Plaintiff seeks to recover monetary damages, but is DENIED to the extent Plaintiff seeks declaratory and injunctive relief;

2. Defendants' motion to dismiss Plaintiff's claims against Defendant Adams is GRANTED, and the Clerk is directed to terminate Defendant Adams from this case.

3. Defendants' motion to dismiss Plaintiff's claims against Defendant Bunner is GRANTED, and the Clerk is directed to terminate Defendant Bunner from this case.

As a result of the foregoing, the only claims remaining in this case are Plaintiff's retaliation claims against Defendants Szelewski, Gilbert, Sullivan, and Lindsey, individually, and in their official capacities insofar as Plaintiff seeks declaratory and injunctive relief.

                                                      s/Susan Paradise Baxter
                                                    SUSAN PARADISE BAXTER
                                                    United States Magistrate Judge